IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL DEANDRADE,**

    **Petitioner,**

v.                                                       **Civil Action No. 1:17cv112**
                                                                              **(Judge Kleeh)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    Introduction

On June 27, 2017, the *pro se* petitioner, Daniel Deandrade ("Deandrade"), an inmate at FCI Gilmer in Glenville, West Virginia, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his convictions[1] and sentence from the Southern District of New York. ECF No. 1. Along with his petition, Deandrade filed a motion to proceed as a pauper and an unsigned copy of his Prisoner Trust Account Report ("PTAR") without its Ledger Sheets. ECF Nos. 2, 3. Pursuant to a deficiency notice, on July 14, 2017, Deandrade filed a signed copy of his PTAR with Ledger Sheets. ECF No. 7.  By Order entered July 17, 2017, Deandrade was granted permission to proceed as a pauper but directed to pay the $5.00 filing fee; he paid the requisite fee on August 7, 2017. ECF Nos. 8, 10. On April 10, 2018, Deandrade wrote to the Clerk to advise that he intended to amend his petition. ECF No. 14.  By Order entered April 11, 2018, Deandrade was directed to file a motion for leave to amend with a copy of his amended petition and the Clerk

---

[1] On the face of the petition, while Deandrade represents that he is challenging both his convictions and his sentence, his petition actually raises no challenge to the convictions for which he is presently incarcerated; the undersigned presumes Deandrade's reference to "conviction" is to the juvenile felony conviction that served as a predicate conviction for the § 851 sentence enhancement at issue herein.

of Court was directed to send him a copy of a Court-approved § 2241 form petition to use. ECF No. 15. On May 18, 2018, Deandrade filed his motion to amend, attaching the amended petition. ECF No. 17. By Order entered May 30, 2018, the motion was granted [ECF No. 18] and the amended petition was docketed separately as ECF No. 19. By Miscellaneous Case Order entered November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. ECF No. 21. On October 7, 2019, Petitioner moved for appointed counsel. ECF No. 24.

The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II. Background[2]

On January 8, 2007, Petitioner was named in a two-count indictment charging him in Count One with conspiracy to distribute and possess with intent to distribute a controlled substance, 50 grams and more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A), and in Count Two with knowingly distributing and possessing with intent to distribute a controlled substance, 50 grams and more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). ECF No. 7. On March 20, 2008, Deandrade's motion to suppress was denied. Shortly before trial, on March 26, 2008, the government filed a Prior Felony Information noting a juvenile adjudication for the felony offense of Criminal Sale of a Controlled Substance in the fifth degree, for conduct which occurred on or about December 4,

---

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket in S.D.N.Y. Case No. 1:07cr12, available on PACER and all ECF numbers are from that case. See United States v. Earnest, 6:09-cr-349-VEH-TMP (ALND). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

1990, and for which Deandrade received a term of 12 months in a reformatory.[3] ECF No. 41. On April 17, 2008, after a 4-day trial, Deandrade was convicted on both counts.

Deandrade's sentencing hearing was conducted over two days, beginning on August 13, 2008 and continuing on September 25, 2008. Deandrade's argument that his 1990 juvenile adjudication for criminal sale of a controlled substance did not qualify as a prior felony drug conviction under the sentencing guidelines to trigger a mandatory minimum 20-year sentence[4] was found to be without merit. ECF No. 59. Although his guidelines offense level gave him a 360 month-to-life sentence, he was sentenced to a below-guidelines term of 300 months on Counts One and Two, to run concurrently with each other, to be followed by a 10-year term of supervised release.  ECF No. 61 at 19. Judgment was entered on September 29, 2008. ECF No. 57.

On September 30, 2008, Deandrade filed a Notice of Appeal. ECF No. 58. On appeal, through counsel, Deandrade argued that the district court improperly denied his motions for a mistrial after reference was made to his being incarcerated during trial; that his December 1990 juvenile adjudication in the Family Court of State of New York, Bronx County for the felony offense of attempted criminal sale of a controlled substance in the fifth degree, that triggered a mandatory minimum 20-year sentence (with a maximum of life imprisonment) under 21 U.S.C. § 841(b)(1)(A) was not a "prior conviction" for purposes of 21 U.S.C. § 841(b)(1)(A); and that that

---

[3] In a Prior Felony Information filed pursuant to 21 U.S.C. § 851, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), and the prosecutor filed a notice before trial or entry of a guilty plea under 21 U.S.C. § 851 of one "prior conviction for a felony drug offense," the statutory sentencing range increases from 10 years to life to 20 years to life.

[4] 21 U.S.C. § 841(b) provides in pertinent part that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . ."

3

his sentence took into account the non-jury juvenile conviction, in violation of <u>Apprendi</u>.[5] Deandrade also submitted a *pro se* brief, arguing that 1) the government lacked probable cause for his arrest; 2) his post-arrest statement upon which the government relied at trial should have been suppressed as a fruit of the poisonous tree; 3) the government perpetrated a fraud on the court by falsifying documents; 4) the government offered insufficient evidence on which to sustain a conviction on either count; 5) the government offered insufficient evidence to show that he was a leader of the drug organization (for sentence-enhancement purposes); and 6) his lawyer provided constitutionally ineffective assistance. On March 12, 2010, with the exception of the ineffective assistance claim, which was dismissed without prejudice, to be raised in a future habeas corpus petition, all of the remaining assignments of error were unanimously rejected by the Second Circuit as "conclusory and, in any event, without merit." See <u>United States v. Deandrade</u>, 600 F.3d 115, 121 (2nd Cir.), *cert. denied,* 559 U.S. 1102 (2010). The Second Circuit specifically noted that

> [p]re-trial, the government filed a prior felony information specifying that in December 1990 Deandrade was convicted in Bronx County Family Court of the felony offense of attempted criminal sale of a controlled substance in the fifth degree.  The government introduced this juvenile drug offense because, under federal law, a second felony drug conviction triggers a mandatory minimum sentence of 20 years (with a maximum of life imprisonment). See 21 U.S.C. § 841(b)(1)(A). Deandrade's competing characterization of that proceeding is that he was "adjudicated a juvenile delinquent."

ECF No. 69 at 4 – 5.

On May 3, 2011, Deandrade filed a Motion to Vacate under 28 U.S.C. § 2255, raising five grounds for relief: (1) he was denied the opportunity for a preliminary hearing as required by Fed.R.Crim.P. 5.1(a); (2) the warrant for his arrest violated the Fourth Amendment for lack of probable cause; (3) his prosecution was time-barred; (4) the district court violated <u>Apprendi</u> by

---

[5] <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)(holding that the Due Process Clause requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt).

making a sentencing determination about the amount of crack Deandrade had distributed; and (5) counsel was ineffective for failing to raise the foregoing arguments. See S.D.N.Y. Case No. 1:11cv3233, ECF No. 1. After the Government filed its response, Deandrade filed a "Supplemental Motion to Vacate" under § 2255, raising new grounds, and a reply brief. By Memorandum and Order entered September 19, 2011, the district court denied Deandrade's Motion to Vacate construing the "Supplemental Motion" as a second or successive habeas corpus application, and refusing to consider it because Deandrade had not obtained authorization to file the same from the Second Circuit Court of Appeals. See SDNY Case No. 1:07cr12, ECF No. 72, n.1 at 1.

Deandrade then applied to the Second Circuit Court of Appeals for permission to file a successive petition, although that successive petition argued different grounds for relief than were raised in his supplemental motion. See (2nd Cir., ECF No. 2) (12-3059). The Second Circuit denied the motion. (2nd Cir., ECF No. 16) (12-3059).

On September 20, 2012, Deandrade moved for reconsideration of the district court's Order classifying his supplemental motion as a second or successive petition, arguing that he was entitled to reconsideration under Federal Rule of Civil Procedure 60(b)(1) because the district court had made a "mistake," in that his motion was in fact a motion to amend. Deandrade v. United States, (S.D.N.Y. ECF No. 9) (1:11cv3233). By memorandum and Order entered December 18, 2012, Deandrade's motion for reconsideration was granted but his motion to amend was denied as futile. (S.D.N.Y. ECF No. 11) (1:11cv3233).

On June 12, 2013, Deandrade filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582. ECF No. 75. By Order entered August 12, 2013, the motion was denied, noting that Deandrade's sentencing range was 360 months to life imprisonment and he was granted a non-guidelines sentence of 300 months, and

thus, was not eligible for a reduction. ECF No. 80. On September 17, 2013, Deandrade moved for an extension of time to file a notice of appeal and a notice of appeal. ECF Nos. 81, 82. On January 6, 2014, the appeal was dismissed for failure to prosecute. ECF No. 84.

On June 20, 2014, Deandrade filed a Motion to Reconsider and Revise Certain Claims Under Fed.R.Civ.P. 54(b),[6] in the district court, arguing that the court's earlier order denying his § 2255 motion failed to address all of his claims; requesting that the court to reconsider his Apprendi claim in light of Alleyne v. United States;[7] and arguing that the trial court erred by making a finding as to drug quantity rather than submitting the issue to the jury. ECF No. 86. By Memorandum and Order entered December 17, 2015, the district court noted that Alleyne did not announce a new rule of law; was not retroactive to cases on collateral review; that the jury, not the judge, made the finding on drug quantity; and denied Deandrade's motion to reconsider the Order denying his § 2255 motion. ECF No. 92.

On August 19, 2015, the district court docketed an April 29, 2015 letter from Deandrade, requesting that counsel be appointed to help him apply for a 2-point reduction.[8] ECF No. 88. By Order entered October 19, 2015, Deandrade's letter motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) was denied. ECF No. 89.

On May 2, 2016, Deandrade filed a third 18 U.S.C. § 3582(c)(2) Motion to Reduce Sentence. ECF No. 93. By Order entered May 11, 2016, the motion was denied. ECF No. 95.

---

[6] The district court's Order denying this motion noted that Deandrade had dated the motion December 5, 2013, but that the court did not receive it until June 20, 2014, although this disparity did not affect the outcome of the motion. ECF No. 92, n.1 at 3.

[7] Alleyne v. United States, 133 S.Ct. 2151, 2155 (2013).

[8] The letter had apparently been received on May 13, 2015. See Clerk's docket note to ECF No. 88.

On December 20, 2019, the district court docketed a motion on Petitioner's behalf by the Federal Public Defender for a sentence reduction under § 404 of the First Step Act. ECF No. 100. In that letter motion, counsel asserted that "Deandrade's prior juvenile adjudication for criminal sale of a controlled substance, committed 29 years ago when he was 15 years old," had he been sentenced today, would no longer qualify for enhanced penalties under 21 U.S.C. § 851, because a "'[s]erious drug felony' is defined to include a conviction for which the defendant served a term of imprisonment of 'more than 12 months.' See 21 USC § 960(b); 21 USC § 902(57)(A). Mr. Deandrade was sentenced to 12 months in a juvenile facility. PSR, ¶ 27." ECF No. 100, n.1, at 7. By Order entered May 11, 2020, Deandrade's request for a sentence reduction under the First Step Act was denied. ECF No. 106. On May 12, 2020, through counsel, Petitioner filed a Notice of Appeal. ECF No. 107. That appeal is still pending.

Petitioner's current projected release date is May 9, 2028 via Good Conduct Time release.[9]

### III. The Petition

In his amended petition, Deandrade argues that he is actually innocent of the 21 U.S.C. § 851 sentence enhancement, because the prior juvenile conviction that the government used to obtain it was actually a misdemeanor, punishable by no more than twelve months, not a felony punishable by a sentence exceeding twelve months. ECF No. 19-1 at 2. Further, he argues that his 10-year sentence of supervised release, incident to the erroneous application of the § 851 enhancement, exceeds the statutory maximum allowed by law. Id. at 1, 3. Finally, Deandrade appears to raise an ineffective assistance of counsel claim against trial counsel, who he alleges either "misrepresented the actual status" of his prior conviction [id. at 3 – 4] or failed to identify the fact that his 1991 conviction did not qualify as a predicate for the § 851 enhancement. ECF

---

[9] See BOP inmate locator, FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last visited July 14, 2020).

No. 19-1 at 10. Petitioner references an attached "Exhibit A," an Order of Disposition in the case of Daniel Deandrade, Docket No. D11538/90, from the Family Court of the State of New York, Bronx County, and an "Exhibit B," an excerpt from United States v. Riley,[10] stating that the penalty for the offense of criminal possession of a controlled substance in the seventh degree, a Class A misdemeanor, "shall not exceed one year," but failed to attach either.[11] In support of his arguments, Petitioner relies on United States v. Simmons, 549 F.3d 327 (4th Cir. 2011).

Deandrade left blank the questions on the amended form petition about whether the grounds in the instant petition had ever been presented to any other court, and whether he had exhausted his administrative remedies before filing suit.  ECF No. 19 at 5 - 8.

As relief, he requests that his conviction and sentence be vacated and his case be remanded back to the district court for resentencing without the erroneous § 851 enhancement. Id. at 8, ECF No. 19-1 at 7 – 8; see also ECF No. 19-1 at 7 – 8.

Deandrade argues that § 2255 is inadequate or ineffective to test the legality of his contention. ECF No. 19 at 9.

### IV. Standard of Review

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S.

---

[10] United States v. Riley,  21 F. Supp. 3d 540, 544 (D. Md. May 22, 2014).

[11] However, both exhibits were attached to an earlier iteration of the amended petition that was construed as a motion to amend. See ECF Nos. 17-3, 17-4.

District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. *Pro Se* Litigants**

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

**C. Post-Conviction Remedies and Relief**

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his sentence and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. However, the law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

Nonetheless, § 2255(e) does provide a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it

> appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely . . . because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D. W.Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333 - 34 (4th Cir. 2000).

With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the

second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 F.App'x. 268 (4th Cir. 2014).

### V. Analysis

Although Petitioner contends that he is entitled to relief via the savings clause, he is incorrect. First, to the extent that the Petitioner may be attempting to challenge his convictions, even if he satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.  To the extent the Petitioner is attempting to challenge his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second prong of the Wheeler test because he has not identified any retroactive Second Circuit decision that would substantively change to the settled law which established the legality of his sentence, let alone a change that has been deemed to apply retroactively to cases on collateral review.  Petitioner was convicted in the Southern District of New York, which lies within the jurisdiction of the Second Circuit.  The only case Petitioner relies on United States v. Simmons, a Fourth Circuit decision which is not binding upon courts within other circuits. See Williams v. Ziegler, 5:12cv0398, 2013 U.S. Dist. LEXIS 183854, *14, VanDervort, R.C. (S.D. W.Va. Dec.

11

30, 2013) *adopted by* Williams v. United States, 5:12cv0398, 2011 U.S. Dist. LEXIS 24063, Doty, D.S. (S.D. WVa. Mar. 9, 2011).

Moreover, Petitioner's claim that his convictions were obtained without due process because counsel, the prosecution, and the trial court all failed to identify the "fatal error" of the fact that his 1990 juvenile misdemeanor drug adjudication could not qualify as a predicate for purposes of an enhancement under 21 U.S.C. § 851 [ECF No. 19-1 at 10] has no support in the record.

The undersigned does not dispute Petitioner's claim that Riley stands for the proposition that a conviction under NY CLS § 220.03 cannot be a qualifying felony for § 851 enhancement purposes, because it is only a misdemeanor. However, the record before the undersigned is clear: Petitioner was never convicted for a December 4, 1990 offense of criminal possession of a controlled substance in the seventh degree; while Deandrade did attach a copy of a January 11, 1991 Order of Disposition from the Bronx County, New York Family Court in Case No. D11538/90, which, on its face, appears to reflect that he was [see ECF No. 17-3 at 1 – 3, attached here as **Exhibit 1**], it is apparent from a careful and thorough review of Petitioner's underlying criminal case, including his juvenile record, that there is no support in the record for Petitioner's claim.

Nowhere in Petitioner's underlying criminal record is there anything to suggest that Petitioner was ever adjudicated for the misdemeanor of criminal possession of a controlled substance on that date in that case. The March 26, 2008 Prior Felony Information filed in Petitioner's criminal case stated unequivocally that the juvenile crime committed on or about December 4, 1990 was a felony, the criminal *sale* of controlled substance in the fifth degree [SDNY Case No. 1:07cr12, ECF No. 41]; the same was set forth in his PSR at ¶4 at 3 and ¶ 27 at

6. At sentencing, when the drug felony adjudication was discussed, Petitioner never objected to or denied the same. See SDNY Case No. 1:07cr12, ECF No. 56 at 4 - 6, 16; ECF No. 61 at 17 - 18. The district court's October 1, 2008 Opinion ruled that Petitioner's 1990 juvenile adjudication for the felony of criminal sale of a controlled substance qualified as a felony for purposes of enhancing his sentence [SDNY Case No. 1:07cr12, ECF No. 59 at 12]; Petitioner did not object. On direct appeal, Petitioner effectively admitted the same in his Apprendi argument, challenging, *inter alia*, whether his December 1990[12] juvenile adjudication in Bronx County Family Court of the felony offense of attempted criminal sale of a controlled substance in the fifth degree that triggered a mandatory minimum 20-year sentence (with a maximum of life imprisonment) under 21 U.S.C. § 841(b)(1)(A) constituted a "prior conviction" for purposes of 21 U.S.C. § 841(b)(1)(A); on March 12, 2010, the Second Circuit ruled that it did. See SDNY Case No. 1:07cr12, ECF No. 69 at 4 -5, 14. On June 12, 2013, Petitioner filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC § 3582, seeking a sentence reduction, making no mention of the "fatal error" of a misdemeanor being used as a predicate felony conviction for a § 851 enhancement. See SDNY Case No. 1:07cr12, ECF No. 75. As recently as December 20, 2019, a letter motion on Petitioner's behalf by the Federal Defenders of New York, seeking a sentence reduction pursuant to the First Step Act referenced Petitioner's "prior juvenile adjudication for criminal sale of a controlled substance[.]" See SDNY Case No. 1:07cr12, ECF No. 100, n.1 at 7. Petitioner made no objection to the characterization of this offense as a felony – criminal sale of a controlled substance.

---

[12] The offense was committed on December 4, 1990; the adjudication was obtained on December 21, 1990; and Petitioner was sentenced on January 11, 1991. See ECF No. 17-3.

Finally, the *pro se* law clerk ("PLSC") assigned to this case undertook an exhaustive search of the records of United States Probation Office for the Southern District of New York; the Bronx County Family Court; and the United States Attorney's Office for the Southern District of New York, attempting to locate a copy of that juvenile adjudication; although a copy of the original Order of Adjudication is not available, after obtaining the records from off-site storage and searching them, the Assistant United States Attorney assigned to Deandrade's underlying criminal case was able to provide the PSLC a copy of Deandrade's "rap sheet," attached to this Report and Recommendation as **Exhibit 2**. Page 11 of that rap sheet[13] unequivocally shows that on December 21, 1990, in Case No. D11538/90 in the Family Court – Bronx County, Deandrade was adjudicated delinquent for the felony of "Criminal Sale of a Controlled Substance – 5th degree," a violation of NY CLS § 220.31, and that on that date, six other charges (4 felonies and 2 misdemeanors) were dismissed (the charges continue over to the top of the next page). Among those dismissed charges was the "Criminal Possession of a Controlled Substance – 7th degree," a violation of NY CLS § 220.03, the misdemeanor which Deandrade claims was the crime he was adjudicated of on that date, and the basis for his "erroneous" § 851 enhancement.

Therefore, it is apparent that Petitioner's present claim, that the use of his December, 1990 juvenile adjudication for a *misdemeanor* drug offense to support a § 851 sentence enhancement, and/or that counsel was ineffective for not objecting to it, is a meritless attempt to deceive this Court.

Moreover, Petitioner's argument that "the § 851 enhancement is not applicable . . . because the conviction used by the government is actually a misdemeanor punishable [by] up to 12 months

---

[13] The rap sheet's original page numeration is at the right lower corner of each page; "page 11" refers the page as it is scanned in by the Clerk of Court, not the number at the right lower corner, which is "15." The rap sheet's numeration begins with page 5, which explains the confusion.

imprisonment [ECF No. 19-1]" reflects a misunderstanding of the law. The Fourth Circuit has noted that the actual sentence that a defendant receives is irrelevant; rather, the inquiry must focus on the maximum possible sentence that the defendant *could have* received. See United States v. Kerr, 737 F.3d 33, 39 (4th Cir. 2013) (emphasis added). For Petitioner's violation of NY CLS Penal § 220.31, criminal sale of a controlled substance in the fifth degree, a Class D non-violent felony, had he been an adult when he committed it, the crime was punishable by an indeterminate sentence not to exceed seven years. See NY CLS Penal § 70.00(1)(2)(d). However, because Petitioner was a juvenile when the crime was committed, the crime was punishable by an indeterminate sentence of at least 1.3 years to a maximum of four years. NY CLS Penal § 70.05(1)(2)(c)(e). Petitioner, then only 15, was fortunate to receive only a twelve-month sentence. Accordingly, it is clear that Petitioner was adjudicated guilty to a felony drug charge that exposed him to the *possibility* of imprisonment exceeding one (1) year.

Consequently, because Petitioner attacks the validity of his sentence and fails to establish that he meets the Wheeler requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the amended petition [ECF No. 19] be **DENIED** and **DISMISSED without prejudice for lack of jurisdiction**.

Further, the undersigned RECOMMENDS that Petitioner's pending motion to appoint counsel [ECF No. 24] be **DENIED as moot**.

The Petitioner is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, **any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12. Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Kleeh.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

DATED: July 30, 2020

/s/ *Michael John Aloi*

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE