```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

**DANIEL DEANDRADE,**

      **Petitioner,**

v().                                              Civ. Action No. 1:17-CV-112
                                                              (Kleeh)

**JENNIFER SAAD,**

      **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],
AND DISMISSING AMENDED PETITION WITH PREJUDICE**

On June 27, 2017, the pro se Petitioner, Daniel Deandrade ("Petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. He filed an Amended Petition on May 30, 2018. Petitioner challenges his sentence, arguing that the prior conviction supporting his enhancement under 21 U.S.C. § 851 should not have been counted because it was a misdemeanor, not a felony. Due to this purported mistake, Petitioner argues that he was sentenced in excess of the maximum period of supervised release. As relief, he requests that his conviction and sentence be vacated and that his case be remanded for resentencing.

      **I.**    **THE REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On July 31, 2020, the Magistrate Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28], AND DISMISSING AMENDED PETITION WITH PREJUDICE**

entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the Amended Petition with prejudice for lack of jurisdiction.

The R&R also informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that the Petitioner accepted service of the R&R on August 10, 2020. See ECF No. 26. He filed objections on August 17, 2020.

## II.  STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which

**DEANDRADE V. SAAD** 1:17-CV-112

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],
AND DISMISSING AMENDED PETITION WITH PREJUDICE**

no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). "When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (emphasis added)).

### III. OBJECTIONS

Petitioner filed a two-page document including a list of objections. Only one of them is specific enough to merit de novo review:

> That I presented proof that the 851 enhancement is not valid, and did affect my sentence, 10 year Supervisied [sic] Release, and the the [sic] Official Court paper "Disposition/order" of the Court the day of Sentenceing [sic] is "official" and not a Rap Sheet. The Clerk knows this yet argued and made a false accusation that I attempt to deceive the courts, then why they clouldn't [sic] Produce there [sic] claim as to that conviction.

ECF No. 27 at 1-2.

### IV. DISCUSSION

After reviewing for clear error and finding none, the Court

3

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],**
**AND DISMISSING AMENDED PETITION WITH PREJUDICE**

adopts and incorporates by reference all portions of the R&R to which no objection — or an objection too vague — was made.

Petitioner takes issue with the validity of his sentence enhancement under Section 851. He argues that the juvenile conviction that counted toward his enhancement should not have counted because it was a misdemeanor, not a felony. Petitioner provided the Court with a copy of a January 11, 1991, Order of Disposition from the Bronx County, New York Family Court, Case No. D11538/90, which states that he committed Criminal Possession of a Controlled Substance in the Seventh Degree. See ECF No. 17-3. In support of his argument, he provides an excerpt from United States v. Riley, 21 F. Supp. 3d 540, 543–44 (D. Md. 2014), finding that Criminal Possession of a Controlled Substance in the Seventh Degree (N.Y. Penal Law § 220.03) cannot be a qualifying felony for Section 851 enhancement because it is only a misdemeanor.

Problematically for Petitioner, the juvenile crime used to enhance his sentence was Criminal Sale of Controlled Substance in the Fifth Degree (a felony). This is reflected in the district court's opinion from October 1, 2008, finding that the prior offense counted toward his sentencing enhancement. See SDNY 1:07cr12, ECF No. 59 (making no mention of "possession" and

Case 1:17-cv-00112-TSK   Document 30   Filed 09/30/20   Page 5 of 7   PageID #: 188

**DEANDRADE V. SAAD**                                              1:17-CV-112

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],
AND DISMISSING AMENDED PETITION WITH PREJUDICE**

finding that the enhancement applied based on Petitioner's "1990 juvenile adjudication for criminal sale of a controlled substance"). The Second Circuit affirmed and made specific mention of the following:

> Pre-trial, the government filed a prior felony information specifying that in December 1990 Deandrade was convicted in Bronx County Family Court of the felony offense of attempted **criminal sale of a controlled substance in the fifth degree**. The government introduced this juvenile drug offense because, under federal law, a second felony drug conviction triggers a mandatory minimum sentence of 20 years (with a maximum of life imprisonment). See 21 U.S.C. § 841(b)(1)(A).

SDNY 1:07cr12, ECF No. 69, at 4–5.

The Magistrate Judge was able to locate a "rap sheet" indicating that on December 21, 1990, Petitioner was "Adjudicated Juvenile Delinquent" of Criminal Sale Controlled Substance - 5th Degree (Felony). ECF No. 25-2 at 11.[1] The sheet also lists five counts that were dismissed on the same day, including Criminal Possession Controlled Substance - 7th Degree (Misdemeanor). As recently as December 20, 2019, the Federal Defenders of New York filed a motion on Petitioner's behalf, seeking a sentence reduction under the First Step Act and

---

[1] This is page 11 of the filing but page 15 of the rap sheet as originally numbered.

Case 1:17-cv-00112-TSK   Document 30   Filed 09/30/20   Page 6 of 7   PageID #: 189

DEANDRADE V. SAAD                                              1:17-CV-112

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],
AND DISMISSING AMENDED PETITION WITH PREJUDICE**

referencing Petitioner's "prior juvenile adjudication for criminal sale of a controlled substance." See SDNY 1:07cr12, ECF No. 100, at 7 n.1.

Even if Petitioner's attached family court judgment is legitimate, he has produced no evidence that the sentencing judge relied on a possession-related conviction. The evidence that Petitioner was convicted of Criminal Sale of Controlled Substances in the Fifth Degree, and that the sentencing court relied on this conviction to apply the Section 851 enhancement, is uncontradicted in the record. For these reasons, and for all other reasons discussed by the Magistrate Judge in the R&R, the Court overrules Petitioner's objections and adopts the R&R.

## V.  CONCLUSION

For the reasons discussed above, the R&R is **ADOPTED** [ECF No. 25]. Petitioner's objections are **OVERRULED** [ECF No. 27, 28]. To the extent that the objections request appointment of counsel, they are **DENIED** [ECF Nos. 27, 28]. The earlier motion to appoint counsel [ECF No. 24] is also **DENIED**. The Amended Petition is [ECF No. 10] is **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that this matter be **STRICKEN** from the Court's active docket and **DIRECTS** the Clerk to enter a separate judgment order.

**ORDER ADOPTING REPORT AND RECOMMENDATION
[ECF NO. 25], OVERRULING OBJECTIONS [ECF NOS. 27, 28],
AND DISMISSING AMENDED PETITION WITH PREJUDICE**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to the pro se Petitioner via certified mail, return receipt requested.

DATED: September 30, 2020

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE